IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN WHITE <br> 44 Greenwood Avenue, Upper <br> Toledo, Ohio 43605 | ) <br> ) <br> ) <br> ) | CASE NO. <br><br> JUDGE: |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **COMPLAINT FOR DAMAGES AND REINSTATEMENT** |
| ADIENT US LLC <br> 7560 Arbor Drive <br> Northwood, Ohio 43619 | ) <br> ) <br> ) <br> ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve also:** <br> Adient US LLC <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

Plaintiff, Bryan White, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

## **PARTIES**

1. White is a resident of the city of Toledo, county of Lucas, state of Ohio.

2. Adient US LLC ("Adient") is a foreign limited liability company that operated a business located at 7560 Arbor Drive, Northwood, Ohio 43619.

3. Adient was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 2601 *et seq*.

## JURISDICTION & VENUE

4. This Court had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as White is alleging federal law claims under 29 U.S.C. § 2601 *et seq.*, Family and Medical Leave Act, ("FMLA").

5. This Court has personal jurisdiction over Adient because it is a foreign limited liability company that is registered to conduct business in this District, and at all times material to the allegations contained herein, each conducted substantial business in this District and had sufficient minimum contacts within this District.

6. All material events alleged in this Complaint occurred in Lucas County.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Western Division, pursuant to 28 U.S.C.§ 1391, because it is the district court of the district, division, and county within which Defendant operated and where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

8. White is a former employee of Adient.

9. White began working for Adient on or around December 17, 2018.

10. Adient employed White as an Assembly Technician.

11. White had a strong history of performance with Adient.

12. White consistently received pay raises.

13. White did not have any history of meaningful discipline.

14. Adient employed White during the COVID-19 pandemic.

15. On or around July 9, 2020, White fell ill while at work.

16. Due to his sickness, White's supervisors sent him home prior to the end of his shift.

17. Yvonne Hambright instructed White to remain home until he received a COVID-19 test.

18. Hambright was White's human resources manager.

19. During all material events asserted herein, Hambright has and/or had authority to hire, fire, and/or discipline employees.

20. Hambright instructed White to remain home until he received a COVID-19 test because his symptoms were consistent with those of COVID-19.

21. COVID-19 is a serious medical condition.

22. Adient is subject to the provisions of the FMLA.

23. As of July 9, 2020, White qualified for protected leave under the FMLA.

24. As of July 9, 2020, White worked for Adient for at least 12 months.

25. As of July 9, 2020, White had at least 1,250 hours of service for Adient during the previous 12 months.

26. As of July 9, 2020, White was entitled to utilize FMLA leave due to his leave while recovering from symptoms of COVID-19.

27. On or around July 9, 2020, Adient was aware that White suffered from symptoms consistent with COVID-19.

28. On or around July 9, 2020, Adient was aware that White had to take time off work to recover from symptoms consistent with COVID-19.

29. Adient had sufficient knowledge that White suffered from a serious medical condition.

30. Adient failed to advise White of his rights to utilize FMLA leave.

31. Adient did not provide White with a Notice of Eligibility of his rights to utilize FMLA leave.

32. In failing to notify White of his rights pursuant to the FMLA, Adient interfered with White's rights under the FMLA.

33. White's leave to recover from symptoms consistent with COVID-19 qualified for protection under the FMLA.

34. White tested for COVID-19.

35. On or around July 20, 2020, White received notice that he tested positive for COVID-19.

36. On or around July 20, 2020, White notified Hambright of his positive COVID-19 test.

37. Hambright instructed White to return to work on July 23, 2020 because "that made 14 days" since White was sent home from work.

38. Adient requires its employees to fill out a COVID-19 questionnaire prior to beginning any work shift ("COVID Questionnaire").

39. On or around July 23, 2020, White filled out the COVID Questionnaire.

40. On or around July 23, 2020, White indicated on the COVID Questionnaire that he had recently tested positive for COVID-19.

41. The COVID Questionnaire instructed White not to go into work and to wait for a human resources representative to contact him.

42. On or around July 23, 2020, Pattee Crane contacted White.

43. Adient employs Crane as a human resources representative.

44. Crane instructed White to remain at home until he felt better.

45. On or around August 4, 2020, White received a letter dated July 29, 2020 ("July 29 Letter").

46. The July 29 Letter informed White that Adient terminated his employment for not returning to work on July 23, 2020.

47. Adient terminated White's employment so that it would not have to provide him with FMLA leave.

48. Adient terminated White's employment because he quarantined after receiving a positive COVID-19 test.

49. Upon information and belief, Adient has a progressive disciplinary policy ("Progressive Discipline Policy").

50. Adient has used the Progressive Discipline Policy when disciplining employees who have not tested positive for COVID-19.

51. Under the Progressive Discipline Policy, White had not received any meaningful discipline.

52. Under the Progressive Discipline Policy, White had not received any verbal warnings.

53. Under the Progressive Discipline Policy, White had not received any written warnings.

54. Under the Progressive Discipline Policy, White had not been suspended.

55. Adient skipped steps under the Progressive Discipline Policy when it terminated White's employment.

56. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

57. Skipping steps under the Progressive Discipline Policy is an adverse action.

58. Adient intentionally skipped steps under the Progressive Discipline Policy when it terminated White's employment.

59. Adient willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated White's employment.

60. Terminating White's employment was an adverse employment action.

61. Terminating White's employment was an adverse action.

62. Adient intentionally terminated White's employment.

63. Adient willfully made the decision to terminate White's employment.

64. Adient terminated White's employment in violation of the Progressive Discipline Policy so that it would not have to provide him with FMLA leave to which he was entitled.

65. Adient terminated White's employment in violation of the Progressive Discipline Policy because he quarantined after he tested positive for COVID-19.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

66. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

68. Adient is subject to the provisions of the FMLA.

69. As of July 9, 2020, White qualified for protected leave under the FMLA.

70. As of July 9, 2020, White worked for Adient for at least 12 months.

71. As of July 9, 2020, White had at least 1,250 hours of service for Adient during the previous 12 months.

72. As of July 9, 2020, White was entitled to utilize FMLA leave due to his leave while recovering from symptoms of COVID-19.

73. On or around July 9, 2020, Adient was aware that White suffered from symptoms consistent with COVID-19.

74. On or around July 9, 2020, Adient was aware that White had to take time off work to recover from symptoms consistent with COVID-19.

75. Adient had sufficient knowledge that White suffered from a serious medical condition.

76. Adient failed to advise White of his rights to utilize FMLA leave.

77. Adient did not provide White with a Notice of Eligibility of his rights to utilize FMLA leave.

78. In failing to notify White of his rights pursuant to the FMLA, Adient interfered with White's rights under the FMLA.

79. White's leave to recover from symptoms consistent with COVID-19 qualified for protection under the FMLA.

80. Adient unlawfully interfered with White's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

81. On or around July 23, 2020, Adient terminated White's employment.

82. Adient's act of terminating White's employment while he took leave that should have been protected under the FMLA violated and interfered with White 's FMLA rights.

83. As a direct and proximate result of Adient's conduct, White is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

**COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

84. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. A clear public policy exists and is manifested in executive orders from Governor Mike Dewine to stop the spread of COVID-19.

86. A clear public policy exists for employees to quarantine at home if they experience symptoms consistent with COVID-19.

87. A clear public policy exists for employees to notify their employers if they experience symptoms consistent with COVID-19.

88. A clear public policy exists for employees to quarantine at home if they test positive for COVID-19.

89. A clear public policy exists for employees to notify their employers if they test positive for COVID-19.

90. On or around July 9, 2020, White experienced symptoms consistent with COVID-19.

91. On or around July 9, 2020, White notified Defendant that he experienced symptoms consistent with COVID-19.

92. On or around July 20, 2020, White tested positive for COVID-19.

93. On or around July 20, 2020, White notified Defendant that he tested positive for COVID-19.

94. After being informed that he had suffered from symptoms consistent with COVID-19, Defendant terminated White's employment on July 29, 2020.

95. After being informed that he had tested positive for COVID-19, Defendant terminated White's employment on July 29, 2020.

96. Defendant's termination of White jeopardizes these public policies.

97. Defendant's termination of White was motivated by conduct related to these public policies.

98. Defendant had no overriding business justification for terminating White.

99. As a direct and proximate result of Defendant's conduct, White has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, White demands from Defendant the following:

(a) Issue an order requiring Defendant to restore White to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate White for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for White's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                              Respectfully submitted,

                              */s/ Fred M. Bean*
                              Fred M. Bean (0086756)
                              Taurean J. Shattuck (0097364)
                              **THE SPITZ LAW FIRM, LLC**
                              25200 Chagrin Boulevard, Suite 200
                              Beachwood, OH 44122
                              Phone: (216) 291-4744
                              Fax: (216) 291-5744
                              Email: fred.bean@spitzlawfirm.com
                                          taurean.shattuck@spitzlawfirm.com

                              *Attorneys For Plaintiff*

## **JURY DEMAND**

Plaintiff Bryan White demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Fred M. Bean*
>Fred M. Bean (0086756)
>Taurean J. Shattuck (0097364)